**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1483
_____

IRA TROCKI, trading as Jack Trocki Development, LLC,
Appellant

v.

PENN NATIONAL MUTUAL CASUALTY INSURANCE COMPANY
_____

On Appeal from the United States District Court
for the District of New Jersey
(Civil Action No. 1-19-cv-13638)
U.S. District Judge: Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on March 30, 2023

Before: MATEY, FREEMAN, and FUENTES, *Circuit Judges.*

(Filed: September 13, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*.

Appellant Ira Trocki sued Pennsylvania National Mutual Casualty Insurance Company ("Penn National") for fraud related to certain insurance policies. The District Court granted summary judgment for Penn National. We will affirm the District Court's order.

I.

Ira Trocki, the owner of a real estate development and management company, purchased and renewed commercial insurance policies with Penn National through an insurance broker from 2006 to 2014. Prior to each annual renewal, Penn National provided Trocki's agent with the renewal policy limit and premium to review.

Trocki sued Penn National in federal court, bringing two claims for fraud, one for common law fraud and one for consumer fraud under the New Jersey Consumer Fraud Act ("NJCFA").[1] Trocki alleged that Penn National annually increased his coverage limits and insurance premiums without notice and that it was doing so to account for inflation. Trocki initially referred to this practice as "Inflation Guard," but now contends that he meant to refer to the practice of applying an automatic inflationary increase. The parties agree that "Inflation Guard," an optional coverage benefit that an insured must purchase separately, was not applied to Trocki's policies.

The District Court treated Trocki's change in nomenclature as an "entirely new legal theory," and rejected it on that basis.[2] The Court then explained why this "new" theory

---

[1] N.J. Stat. Ann. § 56:8-1, *et seq.*
[2] JA10.

lacked merit in any event, concluding that Trocki fell short of making a *prima facie* case for either fraud claim. Trocki now appeals. Because we agree with the District Court's holding as to the merits of Trocki's claims, we will affirm on that basis.

II.

The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's grant of summary judgment de novo.[3] Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] There is a genuine factual dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[5] All facts are to be viewed in the light most favorable to the nonmoving party.[6]

III.

Trocki argues that the District Court improperly granted judgment for Penn National on his claims under the NJCFA and for common law fraud. The NJCFA prohibits certain deceptive commercial behavior:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such

---

[3] *Dondero v. Lower Milford Twp.*, 5 F.4th 355, 358 (3d Cir. 2021).
[4] Fed. R. Civ. P. 56(a).
[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[6] *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018).

3

person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice . . . .[7]

For a claim under the NJCFA, a plaintiff must demonstrate (1) unlawful conduct by a defendant, (2) an ascertainable loss, and (3) a causal relationship between the defendant's unlawful conduct and the plaintiff's loss.[8] A cause of action for common law fraud in New Jersey has five elements: "'(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages.'"[9]

Trocki's argument is that "Penn [National] applied some undisclosed inflation factor to increase the values of the properties covered by the Penn [National] policies."[10] Trocki argues that "[t]he increase in building limit due to an automatic inflation increase is misleading and unclear in that it does not apprise the insured of why the building limit (and the premium) is being increased."[11] The District Court correctly concluded that Trocki could not make a prima facie claim of common law fraud or consumer fraud under the NJCFA. To start, prior to the renewal of each policy, Penn National presented Trocki with what the new policy limit and premium would be, and Trocki had the opportunity to review.

---

[7] N.J. Stat. Ann. § 56:8-2 (1976) (amended 2022).

[8] *Zaman v. Felton*, 98 A.3d 503, 516 (N.J. 2014) (internal quotation marks and citation omitted).

[9] *Allstate N.J. Ins. Co. v. Lajara*, 117 A.3d 1221, 1231 (N.J. 2015) (quoting *Banco Popular N. Am. v. Gandi*, 876 A.2d 253, 260 (N.J. 2005)); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 317 (3d Cir. 2014).

[10] Opening Br. 6.

[11] Opening Br. 7.

Trocki appears to argue that Penn National had an affirmative duty to disclose its formulas for calculating its policy limits and premiums, including how it calculated inflation increases. However, under New Jersey law, there is no "duty to disclose" in a business transaction absent certain circumstances not present here.[12] Trocki was fully informed of the price and policy limits, and Penn National is not required to disclose precisely how it reached those numbers. Trocki has therefore failed to show, at a minimum, either a material misrepresentation, as required for a claim of common law fraud, or unlawful conduct, as required by the NJCFA.[13]

IV.

For the reasons stated, we will affirm the decision of the District Court.

---

[12] *See Est. of Maglione v. Gulf Oil Corp.*, 2007 WL 527940, at *5 (N.J. Super. Ct. App. Div. Feb. 22, 2007) ("[T]here is no duty to disclose 'unless a fiduciary relationship exists between them [the contracting parties], unless the transaction itself is fiduciary in nature, or unless one party 'expressly reposes a trust and confidence in the other.'") (citing *N.J. Econ. Dev. Auth. v. Pavonia Rest.*, 725 A.2d 1133, 1139 (N.J. App. Div. 1998)).

[13] Trocki also argues that the entire controversy doctrine should not apply. The District Court made this ruling in the alternative. Having upheld the District Court's decision as to the merits of Trocki's claims, we need not reach this issue.